IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>UTAH STATE TAX COMMISSION, JOHN L. VALENTINE, Commissioner and Chair of the UTAH STATE TAX COMMISSION; and the STATE OF UTAH,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE**<br><br>Case No. 2:20-cv-00547<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This case concerns a dispute over the tax assessment of certain railroad property. On July 31, 2020, Plaintiff Union Pacific Railroad filed this suit against Defendants Utah State Tax Commission, John L. Valentine, and the State of Utah (collectively, the State Defendants), seeking a declaration that the Commission overvalued Union Pacific's railroad property and, as a result, has subjected Union Pacific to excessive and discriminatory property taxes in violation of 49 U.S.C. § 11501. On August 21, 2020, proposed intervenors Beaver County, Box Elder County, Carbon County, Emery County, Grand County, Iron County, Millard County, Morgan County, Salt Lake County, Summit County, and Tooele County (collectively, the Counties) filed a Joint Motion to Intervene.[1] For the reasons explained below, the Counties' Motion is GRANTED.

---

[1] Dkt. 26.

## BACKGROUND

Under Utah law, the Commission determines the fair market value of all centrally assessed property in Utah, including railroad property.[2] Once this determination is made, notice of the assessment is sent to the owner of the assessed property and the assessor of the county in which the property is located.[3] By June 22nd of each year, the Commission determines "the rate of state tax to be levied and collected upon the taxable value of all property in the state sufficient to raise the amount of revenue specified by the Legislature for general state purposes" and provides county auditors with a statement of that rate.[4] Upon receipt of that statement, county auditors are required to set a tax rate for their respective counties.[5] With the state and county rates in hand, county auditors then prepare and distribute by July 22nd of each year property tax notices to all property owners in their counties—including owners of railroad property.[6] A property owner who objects to the Commission's assessment may apply to the Commission for a hearing on the objection.[7] If the property owner applies for a hearing on an objection, the county in which the property sits may also apply to the Commission for a hearing on the objection.[8]

On May 1, 2020, the Commission prepared and issued a Notice of Assessment setting the taxable value of Union Pacific's Utah property at $1,733,787,610.00.[9] That Notice was served on both Union Pacific and the Counties.[10] The Counties, in reliance in part on this information,

---

[2] *See* Utah Code § 59-2-203.

[3] *Id.* § 59-2-201(5).

[4] *Id.* § 59-2-901.

[5] *See id.* § 59-2-912.

[6] *See id.* § 59-2-919.

[7] *See id.* § 59-2-1007(1).

[8] *See id.* § 59-2-1007(2)(a).

[9] Dkt. 26 at 4.

[10] Dkt. 26 at 4.

set their respective tax rates by June 22, 2020, and, by July 22, 2020, distributed property tax notices to property owners in their respective counties.[11]  On August 1, 2020, Union Pacific filed an objection with the Commission, seeking review of the assessment and a redetermination of the 2020 taxable value of Union Pacific's railroad property.[12]  Union Pacific's tax bill will come due and payable to the Counties on November 30, 2020.[13]

Union Pacific filed this action on July 31, 2020, seeking a declaration that its railroad property is valued at approximately $1,017,000,000.[14]  On August 21, 2020, the Counties filed a Motion to Intervene.[15]  Both Union Pacific and the State Defendants filed responses to the Counties' Motion.[16]

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs intervention.  Intervention can come in one of two forms: (1) intervention as a matter of right or (2) permissive intervention.

Rule 24(a) provides for intervention as a matter of right.  "Under Rule 24(a), an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."[17]

---

[11] Dkt. 26 at 4.

[12] Dkt. 26 at 4–5.  In their Motion, the Counties represent to the court that they intend to apply to the Commission for a hearing on Union Pacific's objection.  Dkt. 26 at 5 n.2.  By statute, the Counties have 60 days from the date of Union Pacific's objection—August 1, 2020—to file their application with the Commission.  Utah Code § 59-2-1007(2)(a).

[13] Dkt. 23 at 4.  Although the Commission performs the assessment of Union Pacific's railroad property, it is the Counties themselves that collect the taxes from Union Pacific.

[14] Dkt. 2 at 12.

[15] Dkt. 26.

[16] Dkt. 29; dkt. 31.

[17] *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

Rule 24(b) provides for permissive intervention. "Under Rule 24(b)(2), 'anyone may be permitted to intervene . . . when an applicant's claim or defense and the main action have a question of law or fact in common.'"[18] Such a determination is "a matter within the district court's discretion."[19]

## ANALYSIS

The Counties argue they have met all four requirements under Rule 24(a) and therefore the court should grant their motion to intervene as a matter of right.[20] Alternatively, the Counties argue the court should allow permissive intervention under Rule 24(b).[21] Union Pacific argues the Counties should not be permitted to intervene under Rule 24(a) or Rule 24(b).[22] The State Defendants support the Counties' Motion and argue the court should allow intervention.[23] For the reasons explained below, the court concludes the Counties are entitled to intervention as a matter of right under Rule 24(a) and, alternatively, permissive intervention under Rule 24(b).

### I. THE COUNTIES ARE ENTITLED TO INTERVENTION AS A MATTER OF RIGHT UNDER RULE 24(A)

#### A. The Counties' Motion Is Timely

The first requirement under Rule 24(a) is that the motion to intervene be timely.[24] "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the

---

[18] *City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (citation omitted).

[19] *Id.*

[20] *See* dkt. 26 at 5–10.

[21] Dkt. 26 at 10–11.

[22] *See* dkt. 29.

[23] *See* dkt. 31 at 2 ("[T]he State Defendants support the Proposed Intervening Counties' intervention in this litigation.").

[24] *Elliott Indus.*, 407 F.3d at 1103.

4

length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."[25]

Union Pacific does not argue that the Counties' Motion is untimely.[26] And, having assessed the Motion in light of all the circumstances, the court finds the Motion is timely. The Counties filed their Motion within 21 days of this case being filed. This case is still in its infancy, and there would be no prejudice to Union Pacific or the Commission to allow the Counties to intervene at this time. Thus, the Counties have satisfied Rule 24(a)'s timeliness requirement.

### B. The Counties' Have A Sufficient Interest In This Litigation

The second requirement under Rule 24(a) is that the proposed intervenor "claims an interest relating to the property or transaction which is the subject of the action."[27] "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, and the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[28] Further, the interest must be "direct, substantial, and legally protectable."[29] A protectable interest "is one that would be impeded by the disposition of the action."[30]

The Counties identify two different interests here. First, the Counties argue they "have a clear interest in a reliable, timely and orderly property tax process."[31] Second, the Counties

---

[25] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001).

[26] Dkt. 29-2 at 3.

[27] *Elliott Indus.*, 407 F.3d at 1103.

[28] *Barnes v. Security Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (citation omitted).

[29] *Clinton*, 255 F.3d at 1251.

[30] *Barnes*, 945 F.3d at 1122 (citation omitted).

[31] Dkt. 26 at 8.

argue they have a statutory interest in participating in the assessment process.[32]  Union Pacific responds that the Counties have no protectable interest because: "(1) [the Counties] are not the assessing entities; [and] (2) [the Counties] have no legally protectible interest in insuring an economic benefit to all taxpayers at the expense of a single taxpayer."[33]  The court finds that both interests proffered by the Counties are protectable interests under Rule 24(a).

First, the court finds the Counties' "interest in a reliable, timely and orderly property tax process" is sufficient to warrant intervention as a matter of right.  Pursuant to the statutory scheme, the Counties have calculated and adopted tax rates that were—at least in part—dependent on the assessment of Union Pacific's railroad property.  Should the assessment be decreased as a result of this litigation, the Counties may find themselves in situations in which they have budget shortfalls.[34]  Further, the Counties will levy and collect property taxes on November 30, 2020.  Should the assessment be decreased as a result of this litigation, the Counties will be required to refund Union Pacific those excess tax monies collected.  Taken together, the court finds the Counties possess an economic interest sufficient for intervention as a matter of right.[35]

Second, the court finds the Counties' ability to participate in the assessment process is also sufficient to warrant intervention as a matter of right.  As explained above, Utah law permits the property owner—here, Union Pacific—to object to the Commission's assessment.  And when a property owner does so, the county in which the property sits is also permitted to file an objection with the Commission.  Here, Union Pacific has filed an objection with the

---

[32] Dkt. 26 at 10–11.

[33] Dkt. 29-2 at 3.

[34] *See* dkt. 26 at 8 ("Ruling in the Railroad's favor will cause the Counties to suffer a revenue shortfall in 2020.").

[35] *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) ("The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest.").

Commission, triggering the Counties' statutory rights to file their own objections—which the Counties have represented they intend to do. If Union Pacific were able to adjudicate the assessment of its railroad property in this court without the Counties' involvement, the Counties' statutory right to object to the assessment would be rendered all but meaningless.[36] Thus, the court finds the Counties possess an interest in participating in the assessment process sufficient for intervention as a matter of right.[37]

### C. The Counties' Interests May Be Impaired

The third requirement under Rule 24(a) is that proposed intervenor's "interest may be impaired or impeded."[38] The impairment inquiry is closely intertwined with the existence of a protectible interest.[39] "To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal."[40]

Union Pacific does not present any argument on this issue, and the court finds the Counties have met their "minimal" burden in showing impairment. As explained above, the Counties may suffer budget shortfalls or be forced to eventually issue a refund if Union Pacific prevails in this case. Further, the Counties' statutory right to object to the Commission's

---

[36] Indeed, the Commission would be bound by the court's order, regardless of the outcome of the Commission's own internal appeals process.

[37] *Cf. United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1398 (10th Cir. 2009) (finding proposed intervenor's statutory right to pursue defendants for contribution was a sufficient interest for intervention as a matter of right). In its Opposition, Union Pacific cites to *Atchison, T. & Sante Fe Ry. Co. v. Lennen*, 640 F.2d 255 (10th Cir. 1981) for the proposition that "the proper defendants in a 4-R Act case are the assessing entities—not the collecting entities." Dkt. 29-2 at 4. The court finds *Lennen* inapposite. As an initial matter, the question before the *Lennen* court was not whether the collecting entities were entitled to intervention. Instead, the *Lennen* court was tasked with reviewing "the merits of the denial by the district court of the Railroads' motion for preliminary injunction." 640 F.2d at 257. Further, *Lennen* did not involve Utah law, which—as explained above—explicitly provides the collecting entities with a statutory right to object to an assessment under certain circumstances.

[38] *Elliot Indus.*, 407 F.3d at 1103.

[39] *See Clinton*, 255 F.3d at 1253 ("[T]he question of impairment is not separate from the question of an existence of an interest." (citation omitted)).

[40] *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) (citation omitted).

assessment would be rendered all but meaningless if Union Pacific were to obtain relief from this court, outside the Commission's own appeals process. Thus, the Counties have satisfied the impairment element of Rule 24(a).

### D. The Existing Parties Will Not Adequately Represent the Counties' Interests

The fourth and final requirement under Rule 24(a) is that the proposed intervenor's interest will not be "adequately represented by existing parties."[41] As with impairment, the proposed intervenor's burden of showing that its interest will not be adequately represented is "minimal."[42]

Union Pacific argues the Counties' interests will be adequately represented by the State Defendants. In reply, the Counties argue that they have divergent interests from those of the Commission and therefore the State Defendants cannot adequately represent their interests.[43] Specifically, the Counties point to their interest in their revenue and yearly budgets—neither of which implicate the State Defendants' interests—and their interest in objecting to the Commission's assessment.[44] In its filing, the State Defendants agree that they will be unable to adequately represent the Counties because they are "different entities with different interests."[45] In light of these divergent interests—and the State Defendants' own representation that they cannot adequately represent the Counties' interests—the court finds the Counties have satisfied this element of Rule 24(a).

---

[41] *Elliot Indus.*, 407 F.3d at 1103.

[42] *Utahns for Better Transp.*, 295 F.3d at 1117.

[43] Dkt. 26 at 9.

[44] Dkt. 26 at 9.

[45] Dkt. 31 at 4. The State Defendants also identify one additional way in which their interests diverge from those of the Counties. Dkt. 31 at 4. The Counties have indicated that they intend to challenge the statistical validity of the sales ratio study the Commission uses to assess the fair market value of Union Pacific's property. Thus, to the extent the Counties challenge the Commission's methods, the State Defendants cannot adequately represent the Counties' interests.

Having satisfied all four elements, the court concludes the Counties are entitled to intervene as a matter of right under Rule 24(a).

## II. ALTERNATIVELY, PERMISSIVE INTERVENTION SHOULD BE GRANTED UNDER RULE 24(B)

Alternatively, the court also concludes permissive intervention under Rule 24(b) is appropriate. As explained above, Rule 24(b) allows the court to permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact."[46] In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[47] Here, the Counties' interests relate to the Commission's assessment and therefore share a common question of law or fact with the main action. Further, this case is in its infancy and there is no reason to believe the Counties' intervention would unduly delay or prejudice the adjudication of Union Pacific and the Commission's rights. Thus, the Counties should be permitted to intervene under Rule 24(b).

## CONCLUSION

For the reasons explained above, the Counties' Joint Motion to Intervene[48] is GRANTED.

**SO ORDERED** this 21st day of September 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[46] Fed. R. Civ. P. 24(b)(1)(B).

[47] Fed. R. Civ. P. 24(b)(3).

[48] Dkt. 26.